## The State of Kansas v. Daniel Pomeroy.

HEARSAY DECLARATIONS, *Improperly Admitted.* W. alleged that P. assaulted him while alone in his own house, with a musket, with intent to kill and rob him. P. was duly informed against, and on the trial of the criminal action the court admitted, over the objections of P., the declarations of W. made in the absence of P., three to five minutes after the transaction, to witnesses who ran to his assistance on hearing his cries of murder, that P. made an assault with a musket at the window, demanded his money, together with the words and acts of each other. *Held,* That the declarations of W. are merely hearsay, and therefore inadmissible.

### Appeal from Republic District Court.

INFORMATION charging *Daniel Pomeroy* with assaulting one Robert Watson, with intent to kill and rob him, on or about October 1, 1879. Trial at the April Term, 1880, of the district court, and verdict and judgment for The State. The defendant appeals. The opinion states the facts.

*L. J. Crans,* for appellant.

*N. T. Van Natta,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The appellant was informed against in the district court of Republic county, for an assault with intent to kill and rob one Robert Watson. He was tried and convicted, and sentenced to the penitentiary for the period of two years and six months.

The exceptions called to our attention pertain to certain oral declarations which are alleged to be mere hearsay, and which therefore, it is urged, were inadmissible. H. K. Hoyt, a witness for the state, testified that he slept in Fisher's barn on the night of October 1, 1879, some seventy-five or eighty rods from the shanty or dugout of Watson; that, soon after lying down to sleep, he heard a number of screeches and the cry of murder; that he and his partner hastily arose, then ran to Fisher's house near by; that he found Fisher's folks alarmed, and the old man and wife on the porch; that Fisher started with them at once for Watson's; that they ran as fast as they could, and when they reached Watson's the latter was just coming up out of the dugout; that only three to five minutes elapsed from the time of hearing the cry of murder until they reached Watson's. Thereupon the prosecuting attorney asked: "What did Watson say on your arrival?" The appellant's counsel objected, on the ground that the declarations of Watson are hearsay, and no part of the *res gestæ*. The court overruled the objection, and the witness proceeded to testify: "After arriving at Watson's, he said he had been attacked by a man demanding his money—said it was Dan. Pomeroy; that he went over to his trunk to get a cigar, when Dan. Pomeroy appeared at the window and thrust the muzzle of a gun through it, and said: 'You d—d son of a b—h, 'give me your money,' and Watson said: 'Are you in earnest, Dan.?' Watson said he then grabbed the gun and crowded close along side of the wall toward the chimney." Similar declarations were also given by two or three other witnesses. The appellant was not seen at Watson's by the witnesses going to his assistance. No signs of any scuffle were visible; nor was

Watson injured on any part of his person. The declarations seem to have been admitted as a part of the *res gestœ* of the assault. All of this was error. "Such declarations do not tend to characterize the transaction, and are by consequence no part of it, and cannot be admitted as such." The declarations are only hearsay, and depended for their force upon the veracity of Watson. The testimony was not only inadmissible, but very injurious to the appellant, as it appears from the record that no one else was present at the alleged assault but Watson and appellant. The continued repetition of such declarations before the jury from others than Watson was calculated to impress the jury very strongly. (*The State v. Davidson*, 30 Vt. 377; *The State v. Petty*, 21 Kas. 54.)

For the error in admitting hearsay testimony of a highly prejudicial character, the judgment of the district court will be reversed, and a new trial awarded. The appellant will be returned from the penitentiary and delivered over to the jailer of Republic county, to abide the order of the district court of that county.

All the Justices concurring.