New York, Chicago & St. L. R'y Co. v. Grand Rapids & Indiana R. R. Co.

No. 13,360.

## THE NEW YORK, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. THE GRAND RAPIDS AND INDIANA RAILROAD COMPANY.

RAILROAD.—*Crossing.*—*Signals.*—*Contract.*—*Damages.* — Where a railroad company, desiring to cross the road of another company, agrees to provide proper signals at the crossing and a watchman to operate the same, and the parties to the contract afterwards agree upon a code of signals to be given by the watchman and observed by the parties, the company first mentioned is liable to the other company for damages caused by running its engine into the latter company's train, which is proceeding over the crossing in obedience to a signal giving it the right thereto.

SAME.—*Contributory Negligence.*—*Anticipation of Breach of Duty.*—Until it appeared that there was a disregard of the signal by the defendant, the employees of the plaintiff were not guilty of negligence in failing to anticipate a breach of duty on the part of the defendant.

SAME.—*Evidence.*—In such case it is competent to prove by a qualified witness the difference in value between a car as it was after it was repaired and as it was before it was injured.

SAME.—*Intoxication of Engineer.*—In such case it is not error to admit evidence that the defendant's engineer had been drinking intoxicating liquor.

SAME.—*Expert.*—*Opinion.*—A competent expert may give an opinion as to the distance at which it is safe to stop before going upon a crossing.

VERDICT.—*Interrogatories to Jury.*—A general verdict will stand as against answers to interrogatories, unless some fact fatal to a recovery is stated in such answers.

From the Allen Superior Court.

*R. C. Bell* and *S. L. Morris*, for appellant.

*A. A. Chapin* and *W. S. O'Rourke*, for appellee.

ELLIOTT, J.—The complaint of the appellee sets forth a written agreement in which, among other things, the appellant promised to put in, at the place where it was agreed that its road should cross that of the appellee, " a semaphore, or such other signals or signal as may be now or hereafter be prescribed by law, and supply and keep and maintain good,

sufficient and acceptable watchman to take charge of and operate the same forever."

It is averred that the contracting parties had agreed upon a code of signals to be used at the crossing, and that it was the duty of the watchman to operate the signal target and give the proper signals; that each of the parties had agreed to obey these signals; that the proper signal was given which gave the appellee the exclusive right to the crossing; that while moving a train upon said crossing in obedience to the proper signal, the appellant's engineer drove the engine of which he was in charge against the appellee's cars, and that the injury to the appellee's property was caused by the appellant's reckless and wilful negligence.

The contract between the parties must be construed with reference to the surrounding circumstances and the object the parties intended to accomplish. *Indiana, etc., R. R. Co.* v. *Adamson,* 114 Ind. 282.

It is obvious that what the parties intended was that the appellant should secure a way across the track of the appellee, and should provide means of making and keeping the crossing safe for the use of both parties. Whatever was reasonably necessary to carry into execution this object was implied, and it was, therefore, entirely competent for the parties to give effect to the contract by establishing a code of signals. As they did establish such a code under the contract, and the appellant failed or refused to obey it, there was a breach of contract, and hence a clear right of action. This right of action came into existence the moment the contract was violated and loss resulted. It is not material whether the breach was reckless or not; if there was a breach the appellant became a wrong-doer, and as such liable to an action.

Counsel for appellant argue that " There is no right of recovery on the contract, because there is nothing in it by which the appellant obligates itself to indemnify appellee against the acts of the target-man—no negligence is charged against the target-man; there is no agreement in it to pay for the

negligence of appellant's employees in disobeying the target-man's signals." This argument is entirely destitute of strength. The law awards damages where there is a breach of contract or of duty. It is not essential that parties should incorporate the law in their contract.

The answers to the special interrogatories addressed to the jury do not overthrow the general verdict. We agree with appellant's counsel that if the appellee had been guilty of negligence contributing to the injury no action would lie. *Gavett* v. *Manchester, etc., R. R. Co.*, 16 Gray, 501 ; *Kentucky Central R. R. Co.* v. *Dills*, 4 Bush, 593.

But while acquiescing in counsel's view of the law, we dissent from their construction of the answers to interrogatories. It may be true that the employees of the appellee could have seen appellant's locomotive in time to have stopped the appellee's train, but from this fact it can not be inferred that they were negligent. They were obeying the rightful signal, and they were not bound to anticipate a disobedience by the appellant. On the contrary, until it appeared that there was a disregard of the signal the employees of the appellee were not negligent in failing to anticipate a breach of duty on the part of the appellant.

The general verdict embraces the whole issue, and necessarily decides all material questions in favor of the appellee, and that decision must stand unless some one, at least, of the answers states a fact fatal to a recovery. It is essential that the facts shall be stated, for presumptions are made in favor of the general verdict, and not in favor of the answers to special interrogatories. *Fort Wayne, etc., R. W. Co.* v. *Beyerle*, 110 Ind. 100; *Rice* v. *City of Evansville*, 108 Ind. 7 ; *Redelsheimer* v. *Miller*, 107 Ind. 485.

There is no fact stated in any of the answers of the jury that overthrow the general verdict.

There was no error in admitting in evidence the contract between the parties respecting the crossing.

The court did not err in permitting the witness O'Rourke

to state the approximate cost of taking up and repairing the car injured by the collision.

It was competent to prove by a qualified witness, as Sylvanus Bradley was, the difference in value between the car as it was after it was repaired, and as it was before it was injured.

A competent expert may give an opinion as to the distance at which it is safe to stop before going upon a crossing.

It was not error to permit the appellee to give evidence tending to show that appellant's engineer had been drinking intoxicating liquor.

We have examined the instructions given and refused, and we find no error in any of the rulings upon them.

We can not disturb the verdict on the evidence. It is, in truth, well supported.

Judgment affirmed.

ZOLLARS, J., did not take any part in the decision of this case.

Filed Oct. 12, 1888.