Filed Nov. 15, 1890.

---

No. 14,516.

## THE TOWN OF POSEYVILLE v. LEWIS.

VERDICT.—*Answers to Interrogatories.*—The general verdict necessarily determines all the material questions in favor of the party to whom the verdict is given, and unless the facts stated in the answers to interrogatories are so clearly antagonistic to the decision impliedly embodied in the general verdict as to be irreconcilable with it, the judgment must stand.

SAME.—*Intendments.*—Intendments will be made in favor of the general verdict, but not in favor of answers to special interrogatories.

NEGLIGENCE.—*Knowledge of Defect.*—*Contributory Negligence.*—While knowledge of a defect in a sidewalk is always an important fact to be considered in determining the question of contributory negligence on the part of one injured thereby, that fact of itself does not always prove that the plaintiff was in fault.

From the Posey Circuit Court.

*E. D. Owen*, for appellant.

*S. D. McReynolds, W. Loudon* and *F. P. Leonard*, for appellee.

ELLIOTT, J.—The appellee recovered damages for an injury received while walking along a sidewalk belonging to the appellant. The general verdict was in his favor.

The general verdict necessarily determines all the material questions in favor of the appellee, and unless the facts stated in the answers to interrogatories are so clearly antagonistic to the decision impliedly embodied in the general verdict as to be irreconcilable with it the judgment must stand. This rule has been so long and so well settled that it requires no discussion. *Cincinnati, etc., R. R. Co.* v. *Clifford,* 113 Ind. 460.

The answers to the special interrogatories do not control the general verdict. So far as concerns the negligence of the appellant there can be no question, since nothing appears in the answers touching the character or continuance of the defect, except the statement that " the curbing was gone, and the bricks misplaced," and we must assume, upon the faith of the general verdict, that the defect was of such a character and duration as to indicate culpable negligence upon the part of the town authorities. We can not aid the answers to interrogatories by intendment, for the rule is that intendments will be made in favor of the general verdict, and not in favor of answers to special interrogatories. *New York, etc., R. W. Co.* v. *Grand Rapids, etc., R. R. Co.,* 116 Ind. 60; *City of Greenfield* v. *State, ex rel.,* 113 Ind. 597; *Fort Wayne, etc., R. W. Co.* v. *Beyerle,* 110 Ind. 100; *Rice* v. *City of Evansville,* 108 Ind. 7; *Redelsheimer* v. *Miller,* 107 Ind. 485.

The only fact stated in the answers to the special interrogatories, which bears upon the question of contributory negligence, is that the appellee had often passed over the sidewalk, and this fact does not, of itself, bar a recovery. It is well settled, that while knowledge of a defect is always an important fact to be considered in determining the question of contributory negligence, that fact of itself does not, by any means, always prove that the plaintiff was in fault. *City of*

*Columbus* v. *Strassner*, 124 Ind. 482; *City of Elkhart* v. *Witman*, 122 Ind. 538; *City of Richmond* v. *Mullholland*, 116 Ind. 173; *Evansville, etc., R. R. Co.* v. *Crist*, 116 Ind. 446, and cases cited; *Murphy* v. *City of Indianapolis*, 83 Ind. 76; *City of Huntington* v. *Breen*, 77 Ind. 29. The decisions in other States are in harmony with our own. See authorities, note 2, Elliott Roads and Streets, 470.

Judgment affirmed.

Filed Nov. 18, 1890.