## ARCHER *v.* OSTEMEIER.

[No. 8,343. Filed June 2, 1914.]

1. TRIAL.—*Instructions.*—*Assumption of Facts.*—Where the facts are agreed upon or established by undisputed evidence, or are of such character that reasonable minds can draw therefrom but one inference or conclusion, the court may assume the existence of such facts in an instruction. p. 389.

2. APPEAL.—*Review.*—*Instructions.*—In an action for injuries to a horse through negligence of defendant's servant, where there was evidence to show the negligence as charged, an instruction assum-

ing the facts agreed upon or established by undisputed evidence and stating that if defendant's servant was guilty of such carelessness or negligence as to cause his truck wagon to strike and injure plaintiff's horse in the manner stated, without any negligence on the part of plaintiff, the defendant would be liable, did not purport to tell the jury the measure of care required of defendant's agent, was pertinent to the evidence, and was a substantially correct statement of the law. p. 389.

3. APPEAL.—*Review.*—*Instructions.*—*Applicability to Evidence.*— In an action for injuries to a horse, evidence supporting the complaint by showing that defendant's servant was driving a heavy truck wagon along a paved street at a rapid speed, that without slackening the speed such driver suddenly turned across the street car track to avoid a wagon standing at the curb, and in so doing caused his truck-wagon to skid in such manner as to strike the horse of plaintiff, who was approaching from an opposite direction, with such force as to throw plaintiff's horse and drag it some distance and that plaintiff tried to avoid the collision, warranted the giving of an instruction stating that if defendant was guilty of the negligence charged and it was the proximate cause of the injury, the plaintiff could recover if he was not guilty of contributory negligence. p. 390.

4. APPEAL.—*Review.*—*Verdict.*—*Evidence.*—Where there was some evidence to sustain every material averment of the complaint in an action for damages to a horse through the negligence of defendant's servant, the existence of the negligence charged, as well as the weight of the evidence, was for the jury to determine, so that its verdict for plaintiff will not be disturbed on appeal on the ground of insufficient evidence. p. 391.

5. TRIAL.—*Admission of Evidence.*—*Expert Testimony.*—In an action for injury to a horse caused by collision with a heavy truck wagon, which being rapidly driven and suddenly turned across a car track, was caused to skid and strike plaintiff's horse, where there was evidence as to the character of the truck and the condition existing in the street, it was not error to permit plaintiff, whose qualifications as an expert were not questioned, to testify that such a truck could be turned across the street without skidding by driving slowly, or, if driving at a rapid speed, by slackening the speed before attempting to turn, since the evidence showed that plaintiff was experienced in the driving of heavy trucks under similar circumstances, and the effect of suddenly turning such a truck when driven at a particular rate of speed on such a street is not a matter of such common knowledge or experience as to preclude expert testimony thereon. p. 391.

6. EVIDENCE.—*Testimony of Experts.*—*Determining Admissibility.* —The question of determining whether the subject-matter of an inquiry is or is not within the common knowledge and experience

of ordinary men, so as to preclude the admission of expert testimony thereon, is for the trial court and its act with reference thereto will be sustained on appeal, unless it appears that there was an abuse of discretion resulting in harm to the complaining party.   p. 392.

7. EVIDENCE.—*Testimony of Experts.—Admissibility.*—Expert testimony bearing upon the subject-matter of an inquiry is admissible only where the subject of inquiry is not within the common knowledge and experience of ordinary men selected without regard to their education, experience, trade, calling or profession, since, if it is within such common knowledge, the jury must be presumed to be as competent as any witness to form an opinion and reach a correct conclusion.   p. 393.

8. EVIDENCE. — *Opinion Evidence. — Admissibility. —* A witness, though not an expert, may state his opinion relating to a question of skill, where it is based on facts known to him personally and related by him to the jury.   p. 393.

9. APPEAL.—*Review.—Harmless Error.—Admission of Expert Testimony.*—In an action for injuries to a horse caused by negligence of defendant in turning a heavy truck wagon across a street car track in such manner as to strike the horse, the admission of expert testimony as to the effect of suddenly turning such a truck under conditions like those shown by the evidence, if erroneous, was not cause for reversal, where it appeared from all the evidence that appellant could not have been harmed thereby. p. 393.

From Allen Circuit Court; *Edward O'Rourke,* Judge.

Action by Charles Ostemeier against Winfield S. Archer. From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Leonard, Rose & Zollars,* for appellant.
*Breen & Morris,* for appellee.

FELT, J.—Appellee recovered judgment against appellant for $122 damages for the loss of a horse occasioned by the alleged negligence of appellant's servant, which caused a collision between appellee's team and the wagon of appellant, on a public street in the city of Fort Wayne, Indiana.

The only error assigned is the overruling of appellant's motion for a new trial.

The following facts are undisputed:  Columbia Street,

where the colision occurred, extends east and west in said city, is paved with brick and has a single street car track in the center. On August 30, 1911, appellee's team was being driven eastward over said street and appellant's team drawing a large truck wagon weighing about 4,000 pounds, was being driven westward on said. street. Near the place of collision another truck was standing near the north curb. Appellant's team approached said standing truck in a trot and the driver turned it to the south far enough to bring the wheels on the left side of his wagon south of the south rail of the car track, and after passing said standing truck, he turned the team back to the north. As he turned to the north the rear wheels of appellant's wagon skidded south and threw the rear end of the wagon against appellee's horse and injured it substantially as alleged in the complaint. At the time of the injury appellee's team was south of the south rail of the street car track.

The substance of the negligence charged is that the appellant, by his servant and employe in charge of said team, carelessly and negligently drove his horses, with the wagon attached, at a lively rate of speed, down the center of Columbia Street and along the street car track located therein; that when he met and was about to pass appellee's team, without giving any warning or decreasing the speed of his team, he suddenly, negligently and carelessly turned to the north and negligently, without stopping or decreasing the speed, threw said wagon against appellee's horse with such force as to break its leg; that said injury was not due to the fault or negligence of appellee; that the appellant knew, or should have known, that by turning his team in the manner aforesaid the rear end of the wagon would be suddenly thrown to the south side of the street and would be liable to injure passing teams or vehicles; that the wagon was of such weight and the street in such a condition that the wagon could not be turned suddenly to the north without causing the end of it to swerve to the south, which fact

appellant knew, or should have known; that it was negligence on the part of appellant to drive said team and wagon along the center of said street and car tracks and, without decreasing the speed of the team, to suddenly turn it to the north as he did in this instance.

Appellant objects to instruction No. 3 given on the ground that it invaded the province of the jury by telling it what the evidence shows. Also that it told the jury the

1. appellee could recover if appellant's driver was guilty of any negligence without any reference to the degree of care required of him as a driver. on a public thor-

2. oughfare. Also that the instruction is not pertinent to any evidence in the case. In the first part of the instruction the court does assume certain facts as proven, but all the facts so assumed were either agreed upon or established by undisputed evidence. Where facts are undisputed, or are of such a character that reasonable minds can draw therefrom but one inference or conclusion, it is not error to assume such facts in an instruction. *Baltimore, etc., R. Co.* v. *Keiser* (1912), 51 Ind. App. 58, 72, 94 N. E. 330; *Cleveland, etc., R. Co.* v. *Jones* (1912), 51 Ind. App. 245, 255, 99 N. E. 503. The concluding part of the instruction is as follows: ''I instruct you that if said Weaver was guilty of carelessness or negligence in so turning his wagon to the north, or if he attempted to get to the north side of the street car tracks in a careless or negligent manner, and, as a result of such carelessness, plaintiff's horse was struck in the manner stated, and injured, and such injuries were not caused by negligence on the part of plaintiff, then defendant would be liable to the plaintiff for any damages he suffered by reason of such injury to his horse.'' The instruction does not assume to tell the jury the measure of care required by appellant's driver. In other instructions the court clearly instructed the jury as to the care required of a driver under such circumstances. The gravamen of the action was the negligence of the driver of appel-

lant's team.    There was evidence to warrant the giving of the instruction.    As against the objections urged, it was a substantially correct statement of law.

Objection is urged to instruction No. 5, that there was no evidence before the jury to which the instruction was applicable.    The substance of the instruction is that if

3.    appellant was guilty of the negligence charged in the complaint and such negligence was the proximate cause of the injury to appellee's horse and appellee was not guilty of any negligence contributing to said injury, he could recover the damages he sustained by reason thereof. The evidence in substance shows, or tends to show, that appellant's team was hitched to a truck wagon weighing about 4,000 pounds and was being driven west at about eight miles per hour; that it was turned to the left and south of the center of the street, over the street car tracks, to pass a wagon standing at the north curb, though there was room to drive between the wagon and the north street car track; that appellee's team was going east on the south side of the street, between the curb and the south rail of the street car track, at a speed of about five miles per hour; that without slacking the speed of his team, appellant's driver just before he met appellee's team, turned suddenly to the north and as he did so, the rear end of the wagon swerved, or skidded, to the south and struck appellee's horse with sufficient force to drag him seven or eight feet and throw him down upon the paved street; that there was a buggy next to the south curb, and opposite appellee's team at the time of the collision; that appellee's driver pulled his team to the south as much as he could in an effort to avoid a collision.    The evidence was clearly sufficient to warrant the giving of the instruction.

Appellant also contends that the evidence is insufficient to sustain the verdict, but there is some evidence to support every material averment of the complaint.    It was a ques-

tion for the jury to determine whether appellant was
4. guilty of negligence which was the proximate cause
of the injury alleged. The weight of the evidence on
the disputed propositions was for the jury to determine.
Where there is some evidence to support the verdict this
court will not weigh the evidence.

Objection is made to the admission of certain evidence
relating to the driver of truck wagons on the street in
question. The only objection urged is that it was not
5. a proper subject for expert testimony. The qualifica-
tions of the witness to testify are not questioned. On
direct examination of the witness, Ostemeier, he testified that
he had driven trucks similar to that used by appellant; that
he knew the condition of the street at the time and had
driven trucks over it, and made observations with refer-
ence to the skidding of such trucks when turned suddenly
while moving at a rapid rate of speed. After so qualifying
he stated in substance that such a wagon as the one used
by appellant when appellee's horse was struck, could be
turned across the street without skidding by driving slowly,
or if driving at a rapid rate of speed by slackening the
speed before attempting to turn across the tracks. The
question here presented does not relate to the effect of turn-
ing the course of an ordinary wagon, suddenly when going
at a rapid rate of speed, under ordinary conditions. The
street was paved and street car tracks ran along the center.
The wagon was a heavy truck, not in common use, but de-
signed for a particular purpose. The witness had used
such trucks under similar conditions and was accustomed
to driving them over the particular street in question. The
effect of turning such a wagon suddenly when driven at a
particular rate of speed on such a street, is not a matter
so clearly within the common knowledge or experience of
ordinary men of average intelligence, selected without refer-
ence to their learning, profession, trade or calling, as to

preclude expert testimony, and as a jury is made up of such persons, it can not be said to be a subject upon which the jurors were as competent to form an opinion or reach a correct conclusion as a witness possessing particular skill and experience in such matters. *Chicago, etc., R. Co.* v. *Grimm* (1900), 25 Ind. App. 494, 502, 57 N. E. 640; *Consolidated Stone Co.* v. *Williams* (1901), 26 Ind. App. 131, 136, 87 N. E. 558, 84 Am. St. 278; *Louisville, etc., R. Co.* v. *Frawley* (1887), 110 Ind. 18, 27, 9 N. E. 594; *Indiana, etc., R. Co.* v. *Hale* (1884), 93 Ind. 79, 82; *New Jersey, etc., R. Co.* v. *Tutt* (1907), 168 Ind. 205, 216, 80 N. E. 420; *New York, etc., R. Co.* v. *Grand Rapids, etc., R. Co.* (1888), 116 Ind. 60, 63, 18 N. E. 182; *Carthage Turnpike Co.* v. *Andrews* (1885), 102 Ind. 138, 142, 1 N. E. 364, 52 Am. Rep. 653; *Taylor* v. *Town of Monroe* (1875), 43 Conn. 36, 44; Rogers, Expert Testimony 19 *et seq.* In *Taylor* v. *Town of Monroe, supra,* the supreme court of Connecticut on page 43, said: " 'In cases involving questions of science and skill, or relating to some art or trade, experts are permitted to give opinions; the principle embraces all questions except those, the knowledge of which is presumed to be common to all men. So the business which has a particular class devoted to its pursuit, is an art or trade within the rule.' * * * The true test of the admissibility of such testimony is not whether the subject-matter is common or uncommon, or whether many persons or few have some knowledge of the matter; but it is whether the witnesses offered as experts have any peculiar knowledge or experience not common to the world, which renders their opinions founded on such knowledge or experience any aid to the court or the jury in determining the questions at issue."

6. The question of determining whether the subject-matter of the inquiry is or is not within the common knowledge and experience of ordinary men, generally, without regard to their education, experience, trade, calling

or profession, is for the court. If the subject of the inquiry comes within such common knowledge and

7. experience it is not a subject for expert testimony, for the jury in such case, is presumed to be as competent as any witness to form an opinion and reach a correct conclusion. If it does not come within the range of such common knowledge and experience, a witness who has duly qualified as an expert on the subject may give his opinion based on the facts of the case pertinent to the particular question under investigation. Where the trial court has admitted or excluded expert testimony, its action in so doing will be sustained unless there appears to have been an abuse of the judicial discretion lodged in such court, resulting in harm to the complaining party. *Eureka Block Coal Co.* v. *Wells* (1902), 29 Ind. App. 1, 11, 61 N. E. 236, 94 Am. St. 259; *Sauntman* v. *Maxwell* (1900), 154 Ind. 114, 126, 54 N. E. 397; *Consolidated Stone Co.* v. *Williams, supra;* Rogers, Expert Testimony 27. Furthermore, the testimony

8. complained of in this case was based on facts known to the witness personally and related by him to the jury. Where this is done, though by a nonexpert witness, he may state his opinion, based thereon, relating to a question of skill. *Bennett* v. *Meehan* (1882), 83 Ind. 566, 568, 43 Am. Rep. 78; *City of Indianapolis* v. *Huffer* (1868), 30 Ind. 235, 237; *Louisville, etc., R. Co.* v. *Hendricks* (1891), 128 Ind. 462, 463, 28 N. E. 58; *McRorie* v. *Monroe* (1911), 203 N. Y. 426, 96 N. E. 724, 725, Ann. Cas. 1913 B 94. In

9. this case there was positive evidence to prove that the rear end of appellant's wagon did skid to the south and along the rail of the car track when the team drawing the wagon was turned suddenly to the north while going at a rapid rate of speed. So in any view of the case it does not appear that appellant was harmed by the evidence whether considered as expert testimony or as evidence of a nonexpert witness.

There being no available error presented, the judgment is affirmed.

NOTE.—Reported in 105 N. E. 522. As to when opinions of non-experts are admissible in evidence, see 30 Am. St. 38. See, also, under (1, 2) 38 Cyc. 1667, 1670; (3) 38 Cyc. 1623; (4) 3 Cyc. 348; (5) 17 Cyc. 229; (6) 3 Cyc. 336; (7) 17 Cyc. 40; (8) 17 Cyc. 216; (9) 17 Cyc. 60.