DAYS TRANSFER, INC. *v.* SILVERS

[No. 18,238.   Filed March 19, 1952.]

*Robert H. Moore,* of Gary, and *J. Edward Barce,* of Kentland, for appellant.

*Ralph Bower,* of Kentland, and *Alvin C. Johnson,* of Indianapolis, for appellee.

CRUMPACKER, J.—While seated in an automobile which she had parked on the berm between the pavement and the sidewalk on west Fourth Avenue in the city of Gary, Indiana, the appellee was injured when a truck, belonging to the appellant and traveling east along said street, ran off the pavement and struck said automobile from the rear. She brought this suit to recover resulting damages and was awarded judgment in the sum of $5,000.

As a proximate cause of the accident the appellee charges, among other acts of alleged negligence, "that the defendant, through its servant and agent ▉ Ralph Wagner, operated its truck at an excessive speed." In an effort to prove this charge the appellee produced as a witness Charles Quade, a Gary policeman, who was working in a radio patrol car in

the neighborhood at the time of the accident. Quade fixed the scene of the accident at about 150 feet east of the intersection of Fourth Avenue and Bridge Street where, he testified, "there are business locations, two filling stations and a grocery store" and, in describing the surrounding conditions at the time and place, he said "it was a dark and dreary morning, the street was icy and snowy." The appellee then asked him this question: "And what in your opinion was a reasonable rate of speed to be traveling on the approach to the intersection at that time?" Over appellant's objection the witness was permitted to answer and he replied, "10 to 15 miles per hour." In our opinion this was error as, in effect, the witness was allowed to fix the standard of ordinary care required of motorists in respect to speed and thus determine a question that was exclusively within the province of the jury. *Indianapolis St. R. Co.* v. *Seerley* (1905), 35 Ind. App. 467, 72 N. E. 169, 72 N. E. 1034.

The appellee seeks to justify this evidence on the theory that it is the opinion of an expert and therefore competent. Expert opinion, however, will not be received concerning a fact which the jury can determine as well as an expert. *Keifer* v. *State* (1927), 199 Ind. 10, 154 N. E. 870. The reasonable speed at which a motor vehicle can be driven over icy streets in a city is within the common knowledge and experience of ordinary men generally and therefore not a subject for expert testimony. *Archer* v. *Ostemeier* (1914), 56 Ind. App. 385, 105 N. E. 522. The admission of Quade's opinion as to what constituted reasonable speed at the time and place of the accident was necessarily harmful in connection with other evidence to the effect that appellant's truck skidded 40 or 45 feet, went off the pavement and across a gravel berm and sidewalk

during which process it struck the appellee's car with such force as to move it 20 to 25 feet. Although there is no direct evidence on the subject the jury may have reasonably inferred from such facts that the appellant was driving its truck at a speed in excess of 10 or 15 miles per hour and hence concluded, in view of Quade's testimony, that it was negligence in that respect.

Immediately after the collision Wagner, the driver of the appellant's truck, came to the appellee, who was still seated in her automobile, and told her to call the police. She told him that he would have to call them as she couldn't move. Wagner thereupon went across Fourth Avenue to a filling station and called police headquarters who dispatched Quade's patrol car to the scene where it arrived some 20 minutes after the accident. Quade and a companion police officer conducted a routine investigation during which they interviewed both Wagner and the appellee. After the police had gone the appellee and Wagner crossed the street to the filling station where the appellee called her husband at the Gary Hotel and then Wagner, via long distance telephone, reported the accident to the appellant's office in Elkhart, Indiana. After this the appellee and Wagner left the filling station and engaged in a conversation concerning the accident. In the course of the appellee's direct examination as a witness at the trial the court, over appellant's objection, permitted her to state that Wagner said, as a part of said conversation, "the Days Transfer Company will take care of everything." A motion to strike this testimony from the record was overruled. It is obvious that the objectionable remark could be construed by the jury as an admission of liability for the accident in controversy. It was made by an alleged agent in the absence of his principal and was clearly hearsay unless made under

such circumstance as to constitute it a part of the res gestae.

As a general rule it may be stated that where the declarations of an agent are made to the person whose interests are directly involved at the place where the transaction or occurrence happened, or so near the occurrence and transaction in point of time as to be justly and reasonably regarded as a part of it, and such declarations refer directly to the transaction or occurrence and are not narratives of past facts nor made after deliberation, they are ordinarily regarded as a part of the res gestae. *The Ohio, etc., R. W. Co.* v. *Stein* (1892), 133 Ind. 243, 31 N. E. 180, 32 N. E. 831, 19 L. R. A. 733. It seems clear to us that Wagner's remark was not spoken under circumstances that made it a verbal act connected with the accident under the res gestae doctrine. It was made long after the accident and away from its immediate presence. In the meantime Wagner had been interviewed by the police and reported the occurrence to the appellant and had ample time for deliberation while in full possession of his senses. The circumstances exhibit no spontaneity in its utterance and it in no way tends to illustrate the litigated fact. The appellee concedes this but insists that the declaration was admissible as a res gestae part of the telephone conversation Wagner had with the appellant in which he reported the accident and asked for instructions. Res gestae, however, must be related to the main transaction and not to some remote collateral event which is not the subject of the litigation. See 37 Words and Phrases, Res Gestae, 248 and cases cited.

For the error above indicated the judgment is reversed and cause remanded with instructions to sustain appellant's motion for a new trial.

Royse, J., concurs with opinion.

## CONCURRING OPINION

ROYSE, J.—I am in complete agreement with the reasons stated in the majority opinion for the reversal of this cause. However, I think an even more serious ground for reversal is that on the record herein I do not believe the evidence is sufficient to sustain the verdict of the jury.

NOTE.—Reported in 104 N. E. 2d 392.