KEELING & COMPANY, INC. *v.* ROOSE, ETC.

[No. 19,694. Filed June 5, 1962. Rehearing denied July 10, 1962. Transfer denied March 4, 1963.]

*William B. Weisell, Theodore L. Locke, Jr.,* and *Locke, Reynolds, Boyd & Weisell,* of Indianapolis, for appellant.

*William M. Evans, James P. Seidensticker,* and *Cook, Bose, Buchanan & Evans,* all of Indianapolis, for appellee.

KELLEY, C. J.—Appellant was engaged in the business of an automotive advertising agency preparing

advertising program material for companies related to the automobile industry. Appellee's decedent, Ernest R. Roose, (her husband), was employed by appellant and the evidence reflects that he was variously described and referred to as "Vice President," "Director," "Technical Art Director," "Contact Man," "Sales Technician," and as one of appellant's "Key Personnel."

The sole question presented by this appeal is whether there was competent evidence of probative value to sustain the finding of four members of the Full Industrial Board that on October 30, 1954 the said Ernest R. Roose sustained personal injuries by reason of an accident arising out of and in the course of his employment with appellant which resulted in his death on said date.

We have often said that if the evidence is susceptible of different inferences, this court may not disturb the finding of the Board. *Mowatt* v. *General Engineering and Sales Company et al.* (1939), 106 Ind. App. 345, 349, 19 N. E. 2d 488; *George* v. *Interstate Metal Products, Inc.* (1955), 125 Ind. App. 406, 412, 413, 126 N. E. 2d 258; *Couch* v. *Harmon, Personal Representative, etc.* (1959), 129 Ind. App. 459, 464, 157 N. E. 2d 303; 30 Ind. Law Encyc., Workmen's Compensation, §384, p. 593, and cases cited in notes thereto.

A consideration of the evidence and the reasonable inferences which may be deduced therefrom tends to establish that for several years the decedent had been a personal friend of Wilbur Shaw, President of the Indianapolis Motor Speedway. Mr. Shaw had hired decedent on several occasions to do work at the Speedway. In addition, Mr. Shaw had successfully encouraged race drivers to make favorable testimonials

concerning the quality of products manufactured by clients of appellant and had introduced decedent to important people in the automobile business. On the fateful day in question Mr. Shaw had invited Mr. Roose to fly with him to Ann Arbor, Michigan, where he had some business to attend to. On the return flight home some unexplained happening occurred and the aeroplane crashed. Both men died as a result.

The only direct evidence tending to establish decedent's purpose in making the air trip was given by the decedent's widow, the appellee, Loretta L. Roose. For purpose of clarity, we deem it appropriate to here set forth verbatim from the record the pertinent parts of her testimony:

> "Q. Now, directing your attention to October 29th, the evening prior to the airplane trip, did you and your husband have any conversation concerning the purpose of the trip?
>
> A. Yes.
>
> Q. Would you state the substance of what he told you about the trip?
>
> Mr. Weisell, Attorney for Defendant:
> The defendant objects as subject to the hearsay rule. *Comments made immediately before his time of leaving* indicating his destination point *are proper.* But suggestions of the day before or two or three days before, we feel, are improper. (Our emphasis)
> (Argument off record)
>
> Mr. Mills, Hearing Member:
> Objection overruled. I expect this is a close point that we might have briefed if I am wrong, I can reverse it and strike it out.
>
> A. He said that he wanted to go along so it would give him an opportunity to talk to Wilbur Shaw about part of the Firestone account, and, also, we did talk about it the next morning, too. The next morning the weather looked so bad and he said he wondered if he should go *and he re-*

*peated his reason for going.* (Emphasis supplied.)

Mr. Weisell, Attorney for Defendant:
  The defendant moves to strike on the basis of the objection made.

Mr. Mills, Hearing Member:
  Objection overruled.

Q. You say then that the conversation that he had the evening prior to his departure was renewed the following morning.

Mr. Weisell, Attorney for Defendant:
  The defendant objects. He's testifying in effect.

Mr. Mills, Hearing Member:
  It's just a statement so far.

Q. Did you have any conversation with you husband concerning the trip the *following morning.* (Emphasis supplied.)

A. Yes.

Q. Will you state the substance of that conversation?

A. He said the weather looked so bad he wondered if he should go, but he felt *he should because he felt it was a good opportunity to talk to Mr. Shaw about the Firestone account.* (Emphasis supplied.)

Q. To your knowledge, had your husband, Mr. Roose, ever met any automobile officials from other companies through Wilbur Shaw?

A. Yes.

Q. Were you present at anytime when any of these acquaintances were made?

A. Yes, I was.

Q. Whom did he meet while you were present?

A. Mr. Firestone and Mr. Ford and lots of them."

The issues presented by both parties to this appeal are whether or not the evidence above quoted is competent, and whether the Industrial Board could

reasonably infer from this testimony that Mr. Roose consented to go on the flight for reasons arising out of his employment, and whether such flight was taken while Mr. Roose was performing duties in the course of his employment.

The appellant asserts that the testimony above quoted is hearsay and should have been excluded. This testimony tended to show that decedent's main purpose in going with Mr. Shaw was that it gave him an opportunity to talk to Mr. Shaw about the Firestone account, thus establishing a purpose for decedent's departure. The fact of the flight was, of course, admissible. The law has long recognized that when it is material to show the purpose or reason for a person's departure, his declaration of his purpose made at or about the time of his departure is admissible. Evidence of this nature has been allowed on the theory that an explanation of the act of departure is a part of the res gestae. *Koenig* v. *Bryce* (1932), 94 Ind. App. 689, 691, 180 N. E. 682; *Ind. Steel Prod. Co.* v. *Leonard, Admx., etc.* (1956), 126 Ind. App. 669, 677, 131 N. E. 2d 162; 20 Am. Jur. (Evidence), §343; 22 C. J. (Evidence), §307; 31 C. J. S. (Evidence), §258, p. 1011. Such statements are sometimes characterized as "verbal acts" because they tend to characterize a particular act or to show the intention with which such act was performed. *Gifford* v. *Gifford* (1914), 58 Ind. App. 665, 674, 107 N. E. 308. The res gestae must be related to the main occurrence and not to some remote collateral event which is not the subject of the litigation. *Days Transfer* v. *Silvers* (1952), 122 Ind. App. 318, 322, 104 N. E. 2d 392. We agree with appellant's attorney, "comments made immediately before his time of leaving" are competent and were properly admitted.

From this testimony it could reasonably be inferred by the Board that decedent was trying to secure the "Firestone account" for appellant and that he reasonably believed that Wilbur Shaw might help secure this account through Shaw's friendship with Harvey Firestone, Jr. The evidence further shows that decedent's duties encompassed more than his title, "Art Director," would of itself indicate. He was, in fact, one of appellant's key personnel. Among his other duties he was charged with the responsibility of constantly attempting to secure new clients and retaining the good will of clients already doing business with appellant. The evidence establishes that decedent had made several trips with Wilbur Shaw during the year, the purpose of which had been to further business interests of appellant. We hold that in light of decedent's broad promotional activities and his past conduct, together with the testimony tending to show that decedent went on the trip to secure a new account for this appellant, the Industrial Board could reasonably find that decedent met his death from activities arising out of and in the course of his employment.

An examination of the authorities relied upon by appellant discloses that they are not pertinent to the factual situation found in this case.

The award is affirmed.

Bierly, Gonas and Pfaff, JJ., concur.

NOTE.—Reported in 182 N. E. 2d 807. Transfer denied, Arterburn, Acting C. J., Myers, J., not participating, Achor, J., votes for argument.