Stanley *et al. v.* Holliday.  ·

No. 15,284.

## STANLEY ET AL. *v.* HOLLIDAY.

QUIETING TITLE.—*Sufficiency of Complaint.*—*Averment of Title.*—In a suit to quiet title, an averment that the plaintiff " is the owner by complete equitable title, and entitled to the possession of the " real estate, is sufficient to render the complaint good on demurrer.

BILL OF EXCEPTIONS.—*Evidence.*—In order that the long-hand manuscript of the evidence, taken by the official reporter, may become part of the record it must be incorporated in a bill of exceptions.

PRACTICE.—*Objections to Evidence.*—Only such objections to evidence will be considered on appeal as were made when the evidence was offered in the court below.

SAME.—*Objections to Evidence Must be Specific.*—A general objection to the introduction of evidence is not sufficient to present any question on appeal. The objection must be specific.

From the Lake Circuit Court.

*T. J. Wood* and *M. Wood,* for appellants.

*H. A. Gillett,* for appellee.

OLDS, J.—The appellee brought this suit against the appellants to quiet the title to the real estate described in the complaint.

The first alleged error discussed is the ruling of the court in overruling appellants' demurrer to the second paragraph of the complaint.

It is suggested by appellee's counsel that no such question is presented, for the reason that the assignment of error, being the second assignment of error purporting to raise this question, was indorsed upon the record more than one year after the filing of the record and the first assignment indorsed thereon in this court.

The assignment of record appears to have been properly made, and there is nothing in the record to show that it was not made at the same time of the first, except it may be that they are separate and distinct assignments, each being signed by the counsel for the appellants.

We do not consider this objection to the assignment not having been made in time, for the reason that we have examined the paragraph of complaint, and are of the opinion there is nothing in the alleged error.

The objection made to the paragraph is that it seeks to quiet an equitable title, and that it alleges the appellee " is the owner by complete equitable title, and entitled to the possession of the " real estate, describing it; and it is contended that, while it is sufficient in a complaint to allege that the plaintiff is the owner in fee simple, it is not sufficient to aver a complete equitable title ; that such averment is a mere conclusion, and facts must be alleged showing the plaintiff to be the complete equitable owner, and entitled to possession, instead of averring the same to be the fact. It is conceded that in *Burt* v. *Bowles,* 69 Ind. 1, such averments were held to be sufficient in a complaint for ejectment, but the logic of this decision is questioned, and it is contended that the rule should not be extended to pleadings in actions to quiet title.

The averment in the paragraph rendered it good at least as against a demurrer. The decision in the case of *Burt* v. *Bowles, supra,* has been adhered to in subsequent decisions. *Schenck* v. *Kelley,* 88 Ind. 444.

In the latter case it was held that a complaint for the possession of real estate was good as against a demurrer, although it did not aver the nature and extent of the interest the plaintiff claimed therein. It was very properly suggested in the opinion that a motion to make more specific would present " a very different question."

There can be no good reason for applying one rule to complaints for possession of real estate and another to complaints to quiet title. In each case the plaintiff must aver title, and, if necessary to aver the facts constituting title in one case, the same rule should be applied in the other.

In the case of *Grissom* v. *Moore,* 106 Ind. 296. this court

said that " In a suit to quiet title, it is only necessary that the plaintiff disclose, in his complaint, whether the title claimed is legal or equitable."

The remaining errors discussed arise on the ruling of the court in overruling the motion for a new trial, and the right to have them considered depends upon whether or not there is any bill of exceptions containing the evidence in the record. There was thirty days given to prepare and file a bill of exceptions.

There is nothing which on its face purports to be a bill of exceptions in the record. What is called a bill of exceptions would seem to be a long-hand transcript of the evidence made out and certified to by the official stenographer, and it does not purport to be incorporated in a bill of exceptions, as has been held necessary by numerous decisions of this court. *Dick* v. *Mullins*, 128 Ind. 365 ; *McCoy* v. *State, ex rel.*, 121 Ind. 160 ; *McCormick, etc., Co.* v. *Maas*, 121 Ind. 132.

The certificate of the clerk shows it to be the long-hand manuscript. Notwithstanding no question is properly presented, we have noticed some of the questions discussed by counsel.

There was objection made by counsel for appellants to the introduction of a title-bond executed by an Indian named Po-ka-kause to William G. and George W. Ewing for certain real estate. The objection made to the introduction of the bond at the time, if it can be said that any objection was made, was that it was acknowledged by the Indian by his mark ; or, as we interpret the objection, was on account of the Indian having signed by a mark, and a general objection that the evidence was immaterial and incompetent. In the brief counsel discuss the question that the bond was incompetent to be introduced in evidence for the reason that no proof was made of the execution of the bond by the Indian. Such objection was waived by not being made at the time the evidence was offered, though, if it had been made then, it

would probably have been admissible. It was an old document, recorded many years ago, and was found in possession of the proper custodian.

Parties can not make one objection at the trial when the evidence is offered, and avail themselves of others on appeal. If the objection discussed had been pointed out when the evidence was offered, the objection, if a vital one, might have been avoided.

Counsel next discuss the ruling of the court in the admission of a patent issued by the United States to Po-ka-kause and his heirs for the land in question.

At the time the patent was offered a general objection was made to its introduction, but no particular grounds or reasons why it was incompetent were pointed out or stated at the time. There was no sufficient objection made to its introduction to present any question. *McCullough* v. *Davis,* 108 Ind. 292.

Counsel in their brief discuss particular objections to the introduction of the evidence, but none were made when the patent was offered.

As the bill of exceptions is not in the record, and no question is presented, we will not pursue the questions discussed by counsel further.

There is no error in the record.

Judgment affirmed.

Filed March 9, 1892.