WARD BROTHERS COMPANY, INCORPORATED, *v.* ZIMMERMAN, ADMINISTRATRIX.

[No. 14,192.   Filed February 26, 1932.]

*L. L. Bomberger, Rae M. Royce, Charles H. Peters, Oscar Haney* and *Bomberger, Peters & Morthland;* for appellant.

*Lemuel Darrow, Earl Rowley, C. V. Shields, Arthur L. Roule* and *Osborn & Osborn,* for appellee.

NEAL, J.—Appellee, Clara R. Zimmerman, as administratrix of the estate of Walter Zimmerman, her deceased husband, brought this action against the Gary Baking Company and Ward Brothers Company, Incorporated, to recover damages for the death of said decedent alleged to be due to defendants' negligence. Trial by jury resulted in a verdict and judgment for plaintiff in the sum of $10,000 against the Ward Brothers Company, Incorporated.

This is the second appeal in this case. See *Ward Brothers Co., Inc.,* v. *Zimmerman, Admx.* (1929), 89 Ind. App. 353, 166 N. E. 545. Trial in the instant case was had upon the same complaint as in the former case, the substance of which is set out in the former opinion. The case was dismissed as to the Gary Baking Company

before the jury retired, and the verdict was against the Ward Brothers Company, Incorporated. Its motion for a new trial being overruled, it appealed to this court and relies upon the following errors for a reversal of this judgment: (1) The court's refusal to give appellant's requested instruction directing a verdict for defendant; (2) the giving of plaintiff's instructions Nos. 1, 2, 3, 6, 9 and 10; (3) the court's overruling appellant's several motions to set aside the submission because of misconduct of counsel; (4) the court's permitting plaintiff to testify that she had no property; (5), (6) and (7) the verdict is not sustained by sufficient evidence, is contrary to law and is excessive.

An examination of the evidence most favorable to appellee discloses that Ward Brothers Company, Incorporated, and the Gary Baking Company were located at the corner of Tenth Street and Roosevelt Street (whether the two companies were located in the same building or on different corners at the crossing of the two streets is not made clear by the evidence) ; that, in the year 1925, Cadwell, the driver of the truck at the time of the accident, had been seen loading at Ward Brothers Company, Incorporated; that Cadwell, on the morning of the accident, left the corner of Tenth Street and Roosevelt Street to make his bread route to LaPorte (but there is no evidence that he loaded his bread at Ward Brothers Company, Incorporated, on the morning of the accident) ; that, on July 28, 1924, six months before the accident, appellant's principal place of business was at Tenth and Roosevelt Streets, and, on that day, appellant operated a bakery formerly operated by Gary Baking Company (whether the bakery referred to was also located at Tenth and Roosevelt Streets and whether appellant was operating it on the date of the accident is not shown) ; that, on July 22, 1926, seven months after the accident, the Gary Baking Company

also had its place of business at Tenth and Roosevelt Streets, and, on that day, said Gary Baking Company was not operating, but its stock was outstanding to hold its charter. (Whether the Gary Baking Company was or was not operating seven months before, at the time of the accident, is not disclosed, but the evidence does show that the Gary Baking Company was in existence and had an office at Tenth Street and Roosevelt Street on July 22, 1926, and after the accident.) A number of witnesses testified that there was a name on the truck that was in the accident. Charles Harts said the name was "Ward's Bread"; Henry Spier said it was "Ward's Bakery," or "Ward's" something, or "Ward's Baking Company"; Mike Moyer said the words were "Ward's Bread Wagon."

There was not, at the trial of the case in question, any direct evidence that the Ward Brothers Company, Incorporated, were the operators of the truck in question at the time of the accident. To hold appellant liable under the evidence herein, resort must be had to inferences. There was no evidence to the effect that appellant's name "Ward Bros. Co., Inc.," was on the truck, nor was there any evidence that any of the words or group of words that the various witnesses testified were on the truck were used as a trade name by appellant, or that any of such words were used by appellant to designate its product, or that the same was used instead of its corporate name. In order to hold that the evidence is sufficient, it would be necessary to infer that the words on the truck, either "Ward's Bread," or "Ward's Bakery," or "Ward's Bread Wagon," were used by and represented Ward Brothers Company, Incorporated, appellant herein, and from that inference infer that Ward Brothers Company, Incorporated, were the operators of the truck at the time of the accident. This evidence alone is insufficient to support the ver-

dict, for an inference of this kind cannot be based upon an inference. See *Warner* v. *Marshall* (1905), 166 Ind. 88, 75 N. E. 582; *Spohn* v. *Stark, Treas.* (1926), 197 Ind. 299, 150 N. E. 787; *Hudson* v. *State* (1926), 198 Ind. 422, 154 N. E. 7.

It is appellee's contention that the court's finding in the former appeal that "on the trial there was evidence tending to prove at the time of the collision . . . ▇ appellant was operating its motor truck with insufficient headlights" is the law of the case and is binding upon this court in the instant case. If the essential facts were the same in this appeal as presented in the former appeal, the law of the case would govern, and we would be bound to hold that the evidence was sufficient to show that appellant was operating the truck at the time of the accident. But, on the former appeal, such proof was not left to inferences upon inferences. Earl Kunert testified in the former trial that the truck was owned and operated by appellant. No such evidence was produced at the trial of the instant case. The law of the case, therefore, is not controlling herein. See *Massachusetts, etc., Ins. Co.* v. *Bankers Surety Co.* (1932), 179 N. E. Ind. App. 329, and cases therein cited (decided this term of court). The evidence in the instant case is insufficient to support the verdict.

Appellant argues that the court erred in permitting appellee to testify, over objection, that she had no property of any kind. This is not competent testimony, but the objection to this testimony was that "it wouldn't tend to prove or disprove anything in the issues here." In a similar case considered by this court, wherein the same question was presented, the court held that such an objection presented no question for review. See *Chicago, etc., R. Co.* v. *Biddinger* (1915), 61 Ind. App. 419, 109 N. E. 953.

Having reached the conclusion that the judgment must

be reversed because of the insufficiency of evidence to support the verdict, it is not necessary to discuss any of the other alleged errors, as it is not probable that the same will arise on a retrial of the case.

Judgment reversed, with instructions to grant a new trial.