VIANT *v.* TOWN OF LOWELL ET AL.

[No. 17,570.   Filed April 11, 1947.]

*Roberts & Roberts,* of Lowell, for appellant.

*Draper & Eichorn,* of Gary, for appellees.

CRUMPACKER, C. J.—On the 28th day of May, 1945, the appellant's decedent Charles P. Viant was water superintendent for the town of Lowell, Indiana, and on said day was engaged in uncovering a leaking water main under the surface of a public street in said town. While standing in an excavation immediately over said water main and shoveling dirt therefrom his appendix ruptured. An appendectomy, performed some seven hours later, disclosed a "huge gangrenous appendix perforated at its base with an opening about large enough to admit one's small finger." The appendix was removed, a drain adjusted to the abdominal cavity and the incision closed. On June 9, 1945, decedent's condition became critical and he died of peritonitis two days later, leaving the appellant, his widow, as his sole dependent. The appellant's application for compensation under the provisions of the Workmen's Compensation Act was denied by the Industrial Board which found, in making its award, that "during his period of employment with the said defendant (appellee), the said Charles P. Viant did not sustain an accidental injury arising out of and in the course of his employment with the defendant (appellee). That the ". . . said Charles P. Viant died as a result of an infection following an appendectomy, which said affliction was not the result of an accidental injury, but was due solely to other causes; . . . ." From this award the appellant appeals and assigns as error that said award is contrary to law.

The only question presented is one of fact. Was there any causal connection between the rupture of the decedent's appendix and his employment? The evidence favorable to the appellant's contention tends to prove there was, while that most favorable to the award tends to prove there was not. The determination of this question was solely and exclusively within the province of the Industrial Board and its finding of the fact in reference thereto is beyond our power to disturb. The appellant concedes this to be the general rule but insists that, in the present case, all the evidence tending to sustain the board's award is wholly without probative value and must be disregarded and when that is done the remaining evidence forces a conclusion contrary to the award.

The only direct evidence tending to prove that the decedent's injury did not arise out of and in the course of his employment is the testimony of two doctors who said, in their opinion, there was no causal connection between the ruptured appendix and the decedent's employment. These opinions were expressed in response to identical hypothetical questions propounded to each doctor. It is conceded that neither doctor had any personal contact with the decedent and neither knew anything whatever of his case independent of the facts assumed in the question put to him.

A hypothetical question must include only facts that are supported by evidence and should embody substantially all facts relating to the particular matter upon which an expert opinion is sought to be elicited. 20 Am. Jur. Evidence, § 788. Such a question, to be of any assistance to the trier of the facts, certainly must be, in the final analysis, based upon facts proven, and an opinion given by an expert in answer to a hypothetical question based upon facts

which do not exist cannot be proof of any issue. *Griffith, Exr.* v. *Thrall, Admr.* (1940), 109 Ind. App. 141, 29 N. E. (2d) 345.

We have examined the hypothetical question here involved and find no fact incorporated therein of which there is no evidence. The facts assumed are fairly stated and fully and completely embrace all phases of the evidence necessary to an intelligent opinion concerning the matter inquired about. Under such circumstances the opinions of said medical experts have probative value and we cannot disturb the finding of the Industrial Board on the disputed question without weighing the evidence which, of course, the law does not permit us to do.

Award affirmed.

Draper, J. not participating.

NOTE.—Reported in 72 N. E. (2d) 239.