SNOW *v.* CANNELTON SEWER PIPE COMPANY ET AL.

[No. 19,822. Filed September 14, 1965. Rehearing denied October 26, 1965. Transfer denied December 8, 1965.]

*Russell S. Armstrong,* of Evansville, for appellant.

*Ralph P. Zoercher,* of Tell City, for appellee.

HUNTER, J.—This is an appeal from an action in negligence brought by plaintiff-appellant against defendants-appellees to recover damages for personal injuries sustained

by appellant. The trial by jury resulted in a verdict and judgment for Cannelton Sewer Pipe Company and Eugene Polk (defendants) and against Joseph Snow (plaintiff) on his amended complaint. Appellant, Joseph Snow, alleges several errors on this appeal which we will consider separately.

The amended complaint generally alleged that appellees negligently allowed a sewer tile manufactured, processed, loaded and transported by appellees to become "cracked, broken, weakened, strained, defective and unsafe," and that while in the process of unloading such pipe from appellees' truck, the tile suddenly broke in appellant's hand, injuring his left arm seriously, causing permanent impairment to such limb. Appellee denied these allegations and affirmatively alleged contributory negligence on the part of Snow to which said appellant replied in denial.

Appellant first urges that the trial court erred in admitting certain evidence introduced by appellees. The attorney for the appellees asked the Vice-President of Cannelton Sewer Pipe Company how it selected the men employed to drive its trucks. Appellant objected to this question for the reason that "it is not an issue here in this case." Although this objection is too general to adequately present a question for review, we will discuss this assignment of error so far as warranted.

The parties agree that appellant's cause of action principally relies upon the application of the doctrine of *res ipsa loquitur* in *Baker et al.* v. *Coca Cola etc.* (1961), 132 Ind. App. 390, 177 N. E. 2d 759. On pp. 396-397, there is found the following statement concerning this doctrine:

> " ' 'It is well settled that, when the instrumentalities which produce an accident are under the exclusive charge of the defendant or his servants, and when the accident is such as does not occur in the ordinary course of events if those in charge use proper care, proof of the accident is sufficient to create a prima facie case of negligence, which

will prevail *unless it is met by evidence to show that the accident could not have been avoided by due care on the part of the defendant.'*' " quoting from *New York, Chi., etc. R. R. Co.* v. *Henderson* (1957), 237 Ind. 456, 478-479, 146 N. E. 2d 531, quoting from *Pittsburgh, etc. R. Co.* v. *Arnott, Admx.* (1920), 189 Ind. 350, 368, 126 N. E. 13 (our emphasis).

The law thus permits an inference of negligence to be drawn if certain facts are shown under the rationale that defendant has *exclusive control* over the agency and plaintiff has no access to information about its control and operation. *New York, Chi., etc. R. R. Co.* v. *Henderson, supra,* at p. 462. After the plaintiff has established his case, the defendant has the burden of going forward with the evidence to explain away the inference. *Wass* v. *Suter* (1949), 119 Ind. App. 655, 669, 671, 84 N. E. 2d 734. Although the burden of proof does not shift to the defendant, *Wass* v. *Suter, supra,* at p. 671, the establishing of the inference necessitates proof which could explain away such inference. Applying the above rules, we believe that evidence tending to establish that the defendant sewer pipe company exercised care in selecting its truck drivers was sufficiently within the issues of the case, particularly because of the applicability of the *res ipsa loquitur* doctrine herein. This evidence would tend to establish that in hiring qualified truck drivers the pipe company was exercising due care in "transporting" the pipe. Therefore, no error was committed in admitting the above evidence in that such testimony was "within the issues" of the case.

An allied claim of error urged by appellant is the admission by the trial court of evidence establishing the fact that Eugene Polk, the truck driver, was not arrested for any motor vehicle violation on the day prior to the accident. Appellant again objected as he argues here on appeal on the ground that this evidence was not within the issues of the case. Here again we have evidence con-

cerning the "transportation" of appellee's product and it is therefore within the issues of this case. It is true that this is negative evidence and considered weak, especially as opposed to positive evidence. 20 Am. Jur., *Evidence*, § 254. Nevertheless, such negative testimony is admissable. *Angola State Bank* v. *State ex rel. Sanders* (1944), 222 Ind. 244, 252, 52 N. E. 2d 620.

The above questions are being decided on the merits although appellant did not properly object to the admission of the above evidence. Objecting to the admissability of evidence on the grounds that it does not prove or disprove anything in issue is a general objection and does not present a question for review. *Ward Bros. Co., Inc.,* v. *Zimmerman, Admx.* (1932), 94 Ind. App. 130, 134, 180 N. E. 25. Appellant objected to the above evidence on the general ground that such was outside the issues of the case. However, in the interest of completely deciding this case on the merits so far as possible and to insure a better understanding of this case, we have discussed the above questions.

Appellant next asserts that the court erred in admitting certain expert testimony submitted by the appellees. Following is the question to the expert witness and objection thereto:

> "Q. In your opinion, Mr. Clemens, could this sewer pipe have broken in the manner as described by Joseph Snow?
>
> Mr. Armstrong: We object to the question for the reason that it is asking for an opinion on a matter that is easily within the knowledge of this jury and therefore is not subject to expert testimony.
>
> By the Court: Why?
>
> Mr. Armstrong: Why? Why it is a mere matter of breakage, that's all it is. It's a matter that has to depend upon all of the facts in the case. There is not any scientific problem involved here; a sewer tile broke."

We immediately notice that the question to the expert witness was improper in form. The form of a question propounded

to an expert witness should be hypothetical, stating ██ facts supported by the evidence relative to the matter testified to by the expert. *Viant* v. *Town of Lowell* (1947), 117 Ind. App. 354, 356, 72 N. E. 2d 239. Such a hypothetical question was not asked by appellees' attorney. However, as can be seen from the above quotation from the transcript, the objection by appellant was not for the reason that no hypothetical question was posed and therefore no question is presented for review on that impropriety. In support of his proposition that the answer elicited by the above question "invades the province of the jury," appellant principally relies upon *Brunker* v. *Cummins* (1892), 133 Ind. 443, 32 N. E. 732. In that case, a lessor caused a barrel to be left on a walk in his building. An invitee (plaintiff) of the lessor (defendant) tripped on the barrel obstructing the walk-way and was injured. The principal question to be decided by the jury was whether the distance between the barrel and the wall of the lessor's building was such as to permit the safe use of the walk. At the jury trial, the attorney asked the defendant-lessor "whether there was sufficient room, between where that barrel was and the wall, for a man to walk with safety." The Supreme Court of Indiana held that such a question was improper because the answer sought to be elicited was of such a nature that the jurors were as well qualified to form their own opinion on that matter as the witness. As an added reason for holding that the evidence elicited by the above question was improper, the court stated on p. 449:

> "The question required the witness to express an opinion upon matters respecting which he showed no special knowledge or skill, and this of itself was enough to condemn it."

In the instant case, there is no doubt that Clemens is an expert on the matter of tile such as that here involved. He was Vice-President of the Cannelton Sewer Pipe Company and had been with the company for approximately thirty

(30) years. He was a graduate ceramic engineer. It was shown by the evidence that he was thoroughly versed in the qualities of the pipe handled by appellant. Snow had previously testified that the tile had broken as he lifted it from the truck and that he did not jar it or drop it thereby causing it to break. We believe that testimony by an expert such as Clemens that the tile could not have broken by the simple process of picking such up was entirely proper. Quoting from a Connecticut decision, this court, in *Archer* v. *Ostemeier* (1914), 56 Ind. App. 385, 392, 105 N. E. 522, stated:

" 'The true test of the admissability of such (expert) testimony . . . is whether the witnesses offered as experts have any peculiar knowledge or experience not common to the world, which renders their opinions founded on such knowledge or experience any aid to the court or the jury in determining the questions at issue'."

Clemens certainly had peculiar knowledge concerning the breaking qualities of the sewer pipe and such knowledge would not seem to be "common to the world" or the average juror. In *Archer* v. *Ostemeier, supra,* it was held that a qualified witness could properly testify that a wagon could be turned without skidding by driving slowly or if driven rapidly, by slackening the speed before attempting the turn. It would seem that testimony concerning the breakage of sewer pipe is a subject which is even more within the province of an expert than the question of the skidding of a wagon. Such testimony would necessarily aid the jury because it is not a matter of common knowledge.

Additional support for our conclusion can be found in *Consolidated Stone Co.* v. *Williams* (1900), 26 Ind. App. 131, 135-136, 57 N. E. 558, where a qualified expert was held to have properly testified that a rope was not of sufficient strength to lower a derrick. The principal factual issue in the *Consolidated* case, *supra,* was whether the rope was of sufficient strength to lower the derrick. This court stated on p. 136:

"After the best description that could have been given by witnesses of the rope and the derrick, the conclusion of the jury would be in some measure based upon conjecture; and the honest opinion of a man so qualified would conduce to greater certainty."

This statement indicates the best reason for allowing such expert testimony, especially in the case at bar wherein the frangibility of a clay sewer pipe is involved. This is a ▆▆▆▆ matter which would certainly be within the province of expert testimony and may in some degree aid a jury which presumably would not consist of experts on sewer tile. Moreover, it is the rule in Indiana that there necessarily exists an element of judicial discretion in the trial judge in admitting expert testimony because the trial judge can best observe whether this type of testimony would serve any useful purpose. It must thus be shown that there has been an abuse of such discretion, resulting in harm to the complaining party. *Archer* v. *Ostemeier, supra,* at p. 393 and cases cited therein. Appellant herein has made no such showing. We therefore hold that the admission of the expert testimony of Clemens did not constitute reversible error. See 38 A. L. R. 2d 1.

Appellant next urges that the trial court erred in admitting into evidence a photograph of a trailer similar to the one involved in the hauling of the pipe to the scene of the accident herein. The claim is that the photograph was not the best evidence in that it was not a picture of the actual trailer used.

"The rule in Indiana is that the admission of photographs in evidence is within the sound discretion of the trial court and will not be disturbed unless there is a manifest ▆▆▆ abuse of this discretion." *New York Central Railroad Company* v. *Wyatt* (1962), 135 Ind. App. 205, 184 N. E. 2d 657, 671. (citing cases)

We fail to find such an abuse of discretion herein. The evidence shows that the photograph in question was a picture

of a tractor of the same size, same type and similar construction of the one used on the day of the accident and was therefore a true representation of the trailer used. *Midwest Oil Company, Inc.* v. *Storey* (1961), 134 Ind. App. 137, 151, 178 N. E. 2d 468. A failure to introduce into evidence a picture of the actual trailer used would seem to be relatively unimportant in this case in that the litigation was only concerned with such vehicle collaterally. Indeed, the only purpose for which the photograph was introduced by appellee was to demonstrate to the jury the method of unloading the tile. It was more in the nature of a model which is often helpful to the jury in better understanding the case. Therefore, no error was committed by the trial court in admitting the photograph of the trailer.

Appellant urges that the trial court erred in allowing the introduction of appellees' exhibit A, which was a written statement signed by appellant. The purpose for the admission of this statement was to show a prior, inconsistent statement given by appellant, thereby attempting to impeach him. We must hold that appellant has failed to preserve this claim of error by not making a timely objection to the introduction of exhibit A at the trial. The occurrences at trial pertinent to the introduction of this exhibit are as follows: after appellant admitted he signed the statement and certain questions were asked him and objections were made by appellant's attorney which he does not now urge on this appeal, the following occurred:

(1) Appellees' attorney: "At this time, the defendant moves to introduce into evidence in this case defendant's Exhibit A."

(2) Appellant's attorney: Objected for the reason that: "It is not proper to introduce this by way of cross-examination."

(3) By the Court: "Let the record show that the plaintiff's objections to the introduction of defendant's Exhibit A is (sic) overruled, and the defendant's exhibit A is now introduced into evidence."

(4) Appellant's attorney: "Let me make one other objection. The plaintiff also objects to the introduction of this exhibit into evidence for the reason that the witness has stated that it contains material that, and statements that, he did not make, and there is no evidence at this point that those statements were made by the plaintiff, and to allow this to be introduced into evidence is allowing hearsay evidence to be introduced without proper foundation."

This latter objection is the one that appellant seems to be principally urging in this appeal. This court has held that where an objection is not made until after a question is answered, no question is presented on appeal. *Romey* v. *Glass* (1950), 120 Ind. App. 279, 282, 91 N. E. 2d 850. (citing cases) The rule on making a timely objection to the introduction of other types of evidence is similar. That is, the objection to the admission of written or documentary evidence should be made after it is offered and before it is admitted into evidence. This elementary rule of procedure was stated in *Stanley et al.* v. *Holliday* (1891), 130 Ind. 464, 466, 30 N. E. 634, wherein the Indiana Supreme Court considered alleged error to the introduction into evidence of a bond. The rule was stated that the objection urged on appeal ". . . was waived by not being made at the time the evidence was offered . . ." We must adhere to this rule of procedure to insure the expeditious trial of a case. Otherwise, objections could be proferred *ad infinitum* and a trial judge's ruling on introduction of evidence would constantly be subject to attack. We therefore hold that no error has been preserved for our consideration on this appeal in regard to the introduction into evidence of appellees' exhibit A.

Appellant also assigns as error the refusal of the trial court to give to the jury appellant's tendered instruction No. 31. This instruction in essence stated that the plaintiff-appellant was entitled to bring an action against the defendants although at the time of injury appellant was an employee. It is axiomatic that a tendered instruc-

tion is properly refused when it does not conform to the evidence. *State* v. *Ahaus* (1945), 223 Ind. 629, 638, 63 N. E. 2d 199. There is no evidence in the case at bar concerning appellant's recovery from the employer of workmen's compensation; if indeed this instruction was meant to cover that area as appellant insists. Nor was there an issue presented by the pleadings to this effect. Therefore, we find no error in the refusal of the trial court to give instruction No. 31.

Appellant further assigns error in the trial court's giving of three (3) instructions tendered by appellee. Upon an examination of these instructions, we conclude that they correctly state the law, which law is within the issues of this case and they likewise are in conformance with the evidence introduced herein. The instructions are as follows:

"APPELLEES' INSTRUCTION NO. 3—I instruct you that the Plaintiff cannot recover on his amended complaint against the Defendants in this case merely upon the showing of an injury to his person. You must not presume negligence from the mere fact of an injury."

"APPELLEES' INSTRUCTION NO. 23—You are instructed that the Cannelton Sewer Pipe Company and Eugene Polk had the right to assume that persons handling sewer tile would exercise reasonable care and caution."

Appellees' Instruction No. 25 (Contributory negligence was defined in this instruction). This instruction may have been better worded in that there is a slight verbal inaccuracy. Thus, although for that reason only, this instruction may be criticized, it does not appear that the jury was misled thereby and therefore was not erroneous. *Mays* v. *Welsh* (1941), 218 Ind. 356, 362, 32 N. E. 2d 701.

The above instructions correctly stated the law relevant to the facts at issue and the evidence adduced at the trial and therefore were not erroneous. *Public Service Co.* v. *DeArk* (1950), 120 Ind. App. 353, 360, 92 N. E. 2d 723.

Appellant next asserts that the trial judge erred in refusing to sustain appellant's objection to a remark made by the attorney for appellees in his closing argument. The attorney's statement objected to by appellant was that: "We need industry in the community. We have no reason to have any prejudice against corporations." After objecting to this statement, appellant moved the court to admonish the jury to disregard the statement on the grounds that such was prejudicial and improper argument. We agree with the statement found in *Meeker, Guardian* v. *Decker* (1937), 104 Ind. App. 594, 598, 10 N. E. 2d 416, wherein this court concluded:

> "We do not approve or condone remarks in arguments before a jury which are not supported by the evidence, but we must recognize the fact that the trial court is in better position to determine the propriety or impropriety of such remarks, and whether or not they are harmful. The trial court has a wide field of discretion as to such matters."

Also, the rule in Indiana is that if a statement of counsel is improper, such will only constitute reversible error when it appears probable that it was a means of securing the wrong verdict. *Roose* v. *Roose et al.* (1896), 145 Ind. 162, 165-166, 44 N. E. 1.

Appellant has not shown by his argument that the above statement was necessarily improper. The trial judge who participated in this trial in its entirety did not so conclude, and we do not decide otherwise. Thus, no abuse of discretion is shown. Also, there is no showing that a wrong verdict was arrived at as a result of the statement. Therefore, no error was committed by the trial court in refusing to sustain appellant's objection to the above statement of appellees' counsel made in closing argument.

Finally, appellant urges that the trial court erred in overruling appellant's motion for a new trial because the verdict of the jury is contrary to law and not sustained by sufficient evidence. Appellant argues that there is no evidence to explain away the inference of negligence

that has arisen because of the applicability of the doctrine of *res ipsa loquitur* in the case at bar. Upon a thorough review of the record, we conclude that there is evidence from which the jury could find that the inference of negligence which *may* have arisen was explained away; or, in the alternative, that appellant was contributorily negligent and therefore precluded from recovering. There was much evidence given concerning the extreme care used in the manufacture and transportation of the tile. There was also evidence that appellant slipped and fell while unnecessarily walking on slick tile and that the pipe he was carrying broke when it struck the ground. Therefore, there is evidence in the record tending to explain away any inference of negligence that may exist and also evidence from which it could be concluded that appellant was contributorily negligent and thus the verdict of the jury is not contrary to law and is sustained by sufficient evidence.

For all of the foregoing reasons, the judgment should be affirmed.

Judgment affirmed.

Bierly, C. J., Mote and Smith, JJ. concur.

NOTE.—Reported in 210 N. E. 2d 118.