G. A. H., Appellant (Defendant Below),

v.

L. A. H., Appellee (Plaintiff Below).

No. 1-282A45.

Court of Appeals of Indiana,
First District.

July 27, 1982.

Rehearing Denied Sept. 9, 1982.

Conrad G. Harvey, Young, Harris & Harvey, Crawfordsville, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant G. A. H. appeals a judgment of the Montgomery Circuit Court entered against him in a paternity suit brought by appellee L. A. H.

We affirm.

The facts in support of the judgment of the trial court show that on February 7, 1981, L. A. H. gave birth to her son S. G. H. She alleges that G. A. H. is S. G. H.'s father. She admits to having sexual intercourse with G. A. H. for the first time on June 9, 1980, and frequently thereafter. He admitted to having sexual relations with her, but beginning six days later. At the time this relationship began, L. A. H. was married, however, she testified that she had not had sex with her husband since January, 1980. On cross-examination, L. A. H. testified that her husband was sterile, however, there was no medical evidence introduced to support this. Since their separation in January, 1980, and before her relationship with G. A. H., L. A. H. had sexual intercourse with another man only in March, 1980, and subsequently had a menstrual period. She also had a normal menstrual period at the beginning of May and, again in June. She did not have a menstrual period in July. A medical examination later that month revealed that she was pregnant.

L. A. H. testified that she continued to have intercourse with G. A. H. after June 9, 1980, until December, 1980 when she moved out. She then returned to her ex-husband and lived with him for a few months. She testified that she had intercourse with him only once during that time. Her divorce decree from her husband was granted on August 29, 1980.

L. A. H.'s physician, Dr. Foltz, testified that S. G. H., born February 7, 1981, was a term baby, but said he "couldn't swear" whether it was a 36 week or 40 week baby. The expected birth date based on a conception date of June 9, 1980, would have been March 16, 1981. However, Dr. Foltz testified that it would be speculative to conclude that the baby was conceived much before or after June 9, the date given by L. A. H. as the time of first intercourse with G. A. H.

In the first instance, G. A. H. alleges error in the failure of the trial court to grant judgment on the evidence. As stated by this court in *Clouse v. Fielder*, (1982) Ind.App., 431 N.E.2d 148, a judgment on the evidence should be granted only when there is no substantial evidence or reasonable inferences therefrom supporting an essential element of the claim. A judgment on the evidence is improper if there is any evidence supporting the essential elements of the claim or even if reasonable men might differ. The facts in this case as previously set forth show that there was more than sufficient evidence to warrant

denial of a motion for judgment on the evidence.

■ Secondly, G. A. H. claims that trial court erred by permitting the Deputy Prosecutor to comment during final argument on G. A. H.'s failure to request a blood test. G. A. H. objected on the grounds that there was no evidence in the record, and that the argument implied that he had a duty to come forward with the evidence.

The court overruled the objection and stated that since the comment was made during argument it was not received as evidence. Consequently, it is difficult to see how G. A. H. was prejudiced by the prosecutor's comment. The trial court has considerable latitude in determining what is improper or harmful argument. *Lewis v. Davis*, (1980) Ind.App., 410 N.E.2d 1363. Here, we find no abuse of that discretion.

■ We also note this case was tried to the court. A trial judge is presumed to consider only proper evidence and any harm from evidentiary errors is lessened if not completely annulled in a trial to the court. *D. H. v. J. H.* (1981) Ind.App., 418 N.E.2d 286.

Finally, G. A. H. asserts that there was insufficient evidence to rebut the presumption of legitimacy and sustain the judgment of the trial court. The trial court, at G. A. H.'s request, made special findings of fact and conclusions of law prior to entering its judgment. In addressing this issue, we consider only that evidence which tends to support the trial court's findings of fact and conclusions of law, together with all reasonable inferences therefrom. *Tarver v. Dix*, (1981) Ind.App., 421 N.E. 693.

The adequacy of the trial court's findings depend upon whether they are sufficient to disclose a valid basis under the issues for the legal result reached in the judgment. In making this determination, this court will accept the findings made by the trial court unless clearly erroneous and not supported by the evidence. *Id.*; Ind.Rules of Procedure, Trial Rule 52(A). In addition, the findings will be construed together and will be liberally construed in support of the judgment. *Tarver, supra.* Essentially, G. A. H. is asking this court to re-weigh the evidence. However, this court will not re-weigh conflicting evidence on appeal or determine the credibility of witnesses. *Roe v. Doe*, (1972) 154 Ind.App. 203, 289 N.E.2d 528.

The facts show that L. A. H. was married during the probable period of conception, although their marriage was dissolved some five months prior to the birth of the child. Ind.Code 31–6–6.1–9 states that the man married to the biological mother is presumed to be the biological father of the child when the child is born during the marriage or within three hundred (300) days after the marriage is terminated. Such presumption is not conclusive though, and may be rebutted by direct, clear, and convincing evidence. *R. D. S. v. S. L. S.*, (1980) Ind.App. 402 N.E.2d 30.

L. A. H. testified that she had sexual intercourse with G. A. H. on June 9, 1980, and frequently thereafter. G. A. H. admitted to having sexual intercourse with L. A. H., but beginning some six days later on June 15, 1980. L. A. H. stated that she had not seen her husband or had sexual relations with him since January, 1980. Evidence was presented showing that L. A. H. had sexual intercourse in March and subsequently, had a normal menstrual period. She had a normal menstrual period in May, 1980 and again, in June. She did not have a menstrual period in July and later that month a medical examination revealed she was pregnant. There was no evidence presented of intercourse with anyone other than G. A. H. from the last occasion in March through December, 1980.

The baby, S. G. H., was born on February 7, 1981. L. A. H.'s divorce from her husband was granted on August 29, 1980. The attending physician Dr. Foltz testified that the birth was normal and classified the baby as a term baby. He stated that he thought the baby was at least a thirty six week baby, making L. A. H.'s last menstrual period the first week of June. He further stated that it would be speculative to conclude that conception took place much

before or after the June 9th date given by L. A. H. as the time of conception.

The findings of the trial court are clearly supported by the evidence. This court has held that an act of intercourse coupled with the probability of conception at that time is sufficient to rebut the presumption of legitimacy. *Roe v. Doe, supra.* Consequently, we can only conclude that sufficient evidence was presented to rebut the presumption and uphold the decision of the trial court.

Judgment affirmed.

RATLIFF, P. J., and NEAL, J., concur.